U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

MAY 19 2016

IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: _____ *mw*
DEPUTY CLERK

UNITED STATES OF AMERICA     )
     )
v.     )     No. 4:15-CR-271 KGB
     )
SIR JOHN ASHLEY HOLLIDAY     )

ORIGINAL

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through Alexander D. Morgan, Assistant United States Attorney, and Sir John Ashley Holliday, Defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above-styled proceedings.

1.    GUILTY PLEA:  Defendant will enter a plea of guilty to Theft of Government Money or Property, a violation of Title 18, United States Code, Section 641, and Aggravated Identity Theft, a violation of Title 18, United States Code, Section 1028(A), as set forth in Counts One and Two of the Indictment, respectively. The United States agrees to move for the dismissal of Counts Three through Nine upon acceptance of the guilty plea. This plea agreement is executed under Federal Rule of Criminal Procedure 11(c)(1)(A).

2.    ELEMENTS OF THE CRIME:  The parties agree the elements of the offense to which Defendant will plead guilty are, as to Count One:

A.    Defendant knowingly stole or converted to his own use money or property with the intention of depriving the owner of the use or benefit of such money or property;

B.    the money or property belonged to the United States; *and*

C.    the value of the money or property exceeded $1,000.

And as to Count Two:

A.    Defendant knowingly used

B.      without lawful authority

C.      a means of identification of another person

D.      during an in relation to a predicate offense (here, theft of government money or property as alleged in Count One).

Defendant agrees that he is guilty of the offense and that each of these elements is true.

3.      PENALTIES:

A.      STATUTORY PENALTIES:   The penalty for the charge set forth in Count One is not more than ten years' imprisonment, not more than three years' supervised release, a fine of not more than $250,000, and a $100 special assessment. The penalty for the charge set forth in Count Two is two years' imprisonment (consecutive to any other sentence), not more than one year of supervised release, a fine of not more than $250,000, and a $100 special assessment.

B.      SUPERVISED RELEASE:   Supervised release is a period of time that follows imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in serving a total term of imprisonment greater than the statutory maximum stated above.

4.      WAIVERS:   Defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A.      The right to appeal or collaterally attack, to the full extent of the law, the

2

conviction and sentence imposed, including any forfeiture or restitution order, as follows:

(1)    Defendant waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section 3742(a), including any issues that relate to the establishment of the Guideline range, except that Defendant reserves the right to appeal claims of prosecutorial misconduct and Defendant reserves the right to appeal the sentence if the sentence imposed is above the Guideline range that is established at sentencing;

(2)    Defendant expressly acknowledges and agrees that the United States reserves its right to appeal his sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

(3)    Defendant waives the right to collaterally attack the conviction and sentence pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(4)    Defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(5)    Defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

(6)    Defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B.    The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

C.    The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D.      The right to confront and cross examine witnesses;

E.      The right to testify in his own behalf if Defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against him;

F.      The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

G.      Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant understands that upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5.      STIPULATIONS:   The United States and Defendant stipulate to the following:

A.      Defendant's base offense level for the offense at Count One is 6 under U.S.S.G. § 2B1.1(a)(2).

B.      Although collective loss for all government thefts alleged in the indictment exceeded $6,500, the parties agree that loss attributable to the theft set out at Count One was less than $6,500 and, further, that no loss adjustment should apply under U.S.S.G. § 2B1.1(b)(1) in recognition of this fact and Defendant's acceptance of responsibility.

C.      The guideline sentence for the offense at Count Two falls under U.S.S.G. § 2B1.6.

D.      Defendant is eligible for a 2-level reduction for acceptance of responsibility unless he takes any action between entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or more, determination of whether Defendant is eligible for a third point reduction for acceptance of responsibility shall be made by the United States at the time of sentencing.

4

F.      No other enhancements or reductions under Chapter 2 Part B, Chapter 3, or Chapter 5 of the Guildelines apply, other than those specifically set out in this agreement and its addendum.

The parties understand that the Court is not bound by these stipulations. Defendant further understands that if the Court does not accept this Plea Agreement, he is not entitled to withdraw the guilty plea or otherwise be released from his obligations under this Agreement and Addendum.

6.      SENTENCING GUIDELINES:  It is specifically understood by Defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. Defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. Defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence Defendant will receive, and Defendant cannot withdraw a guilty plea, or otherwise avoid his obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than Defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither Defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7.      ALLOCUTION:  The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8.    COOPERATION IN THE SENTENCING PROCESS:

A.    Defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the presentence investigation report, including, but not limited to, criminal history information. Defendant shall voluntarily provide a complete and truthful written accounting of his criminal history to the Probation Office.

B.    Defendant agrees to execute all waivers necessary for the preparation of the presentence investigation report.

C.    Defendant understands and acknowledges that his obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires him to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether he believes the arrest/conviction counts under the Sentencing Guidelines.

D.    Defendant is required to comply with these obligations no later than the expiration of the date on which objections to the presentence investigation report are due.

9.    FINANCIAL MATTERS:

A.    FINANCIAL STATEMENT:  Defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B.    FINES:  Defendant understands that unless the Court determines that he is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

C.    SPECIAL PENALTY ASSESSMENT:  Defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order

6

as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

        D.     RESTITUTION:  Defendant acknowledges that restitution is mandatory under Title 18, United States Code, Section 3663A and agrees to the entry of an order of restitution in the amount of $13,191.00 payable to:

            IRS-RACS
            Attn: Mail Stop 6261
            Restitution
            333 W Pershing Ave
            Kansas City, MO 64108

        10.     DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION:  The United States Attorney for the Eastern District of Arkansas will bring no further charges against Defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless Defendant breaches this Agreement and Addendum.

        11.     RECORDS:  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

        12.     CIVIL CLAIMS BY THE GOVERNMENT:  Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against Defendant, including but not limited to tax matters.

        13.     EFFECT OF BREACH OF PLEA AGREEMENT AND ADDENDUM:

A.     Defendant acknowledges and understands that if he violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)     terminate this Agreement and Addendum; or

(2)     proceed with this Agreement and Addendum and

(a)     deny any and all benefits to which Defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

(b)     advocate for any sentencing enhancement that may be appropriate.

B.     In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. Defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if Defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

C.     Defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against Defendant as a result of his breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

8

D.     In the event that the Agreement and Addendum is terminated or if Defendant successfully moves to withdraw his plea, any statement made by Defendant in negotiation of, or in reliance on this Agreement and Addendum, including this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy, but excepting statements made pursuant to any proffer agreement entered into between the parties:

(1)     may be used in the United States' case in chief and to cross examine Defendant should he testify in any subsequent proceeding; and/or

(2)     any leads derived therefrom may be used by the United States. Defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

14.     PARTIES:   This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and Defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15.     MISCELLANEOUS:

A.     MODIFICATION:   No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

9

B.    HEADINGS AND CAPTIONS:    Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C.    WAIVER:    No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D.    RIGHTS AND REMEDIES CUMULATIVE:    The rights and remedies of the United States expressed herein upon any breach hereunder by Defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by Defendant.

E.    JOINT NEGOTIATION:    This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

16.    NO OTHER TERMS:    This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

17.    APPROVALS AND SIGNATURES:

10

A.    DEFENDANT:  Defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. Defendant understands and voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, Defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to Defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced Defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that he has entered into this Agreement and Addendum, consciously and deliberately, by his own free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding obligation of Defendant, fully enforceable against him in accordance with its terms. Finally, Defendant is satisfied with the representation of his attorney in this case.

B.    DEFENSE COUNSEL:  Defense counsel acknowledges that she is the attorney for Defendant, and that she has fully and carefully discussed every part of this Agreement and Addendum with Defendant. Further, defense counsel has fully and carefully advised Defendant of his rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, Defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

[SIGNATURE PAGE ATTACHED.]

DATED this __19__ day of May, 2016.

CHRISTOPHER R. THYER
United States Attorney

_____
SIR JOHN ASHLEY HOLLIDAY
Defendant

ALEXANDER D. MORGAN
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
alex.morgan@usdoj.gov

_____
LATRECE GRAY
Attorney for Defendant

12